**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phoenix Payment Solutions, Inc.; Brian Bonfiglio, an individual; John Kirchhefer, an individual; Fapp Holding, Inc., f/k/a Payment Processing, Inc.,<br><br>            Plaintiffs,<br><br>vs.<br><br>Carl Towner, an individual,<br><br>            Defendant. | No. CV-08-651-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #6. A response and reply have been filed. Dkt. ##11-12. The Court will deny the motion.[1]

**I.    Background**.

Plaintiffs Bonfiglio and Kirchhefer were employees of First American Payment Processing, Inc. ("FAPP") who, during November 2004, formed Phoenix Payment Solutions, Inc. ("PPS") in order to purchase FAPP from its sole shareholder, Defendant Towner. Dkt. #1-3 ¶¶ 10-11, 22. Plaintiffs commenced this action in state court on January 31, 2008, Dkt.#1-2, alleging that Defendant wrongfully caused FAPP to fall into debt and then concealed this fact from the Plaintiffs during the negotiations for the sale of FAPP. Dkt. #1-3

---

[1] Plaintiffs' request for oral argument is denied because the parties have thoroughly briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. Of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

¶ 9. The amended complaint asserts seven counts against Defendant: common law fraud and fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, violation of A.R.S. § 10-640, fraudulent transfer in violation of A.R.S. § 44-1004,[2] fraud in the execution, and constructive trust/accounting. Dkt. # 1-3 ¶¶ 41-82. Defendant removed the case to this Court based on diversity jurisdiction, Dkt. # 1, and subsequently filed the instant motion to dismiss, Dkt. # 6.

## II.  Rule 12(b)(6) Standard.

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)), including "sufficient allegations to put defendants fairly on notice of the claims against them," *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). The court may not assume, however, that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

---

[2] Plaintiff has filed a notice to dismiss this count. Dkt. # 10.

**III.   Analysis.**

   **A.   Statute of Limitations.**

Defendant argues that the claims of fraud, negligent misrepresentation, breach of fiduciary duty, fraud in the execution, and constructive trust/accounting are time barred. Dkt. #6 at 5. A statute of limitations defense may be raised in a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Under Arizona law, the statute of limitations for fraud is three years, A.R.S. § 12-543(3), and two years for negligent misrepresentations and breach of fiduciary duty, A.R.S. § 12-542(1). Because Plaintiffs have requested a constructive trust and accounting as an equitable remedy for fraud, the statute of limitations for the constructive trust derives from the period for the underlying fraud, which is three years. *See Kirschenbaum v. Kirschenbaum*, 793 P.2d 1102, 1104 (Ariz. Ct. App. 1989) (holding that the statute of limitations for a constructive trust was two years because it derived from the period for conversion). Furthermore, according to the "discovery rule," a cause of action will accrue when either "the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. Of Am.*, 898 P.2d 964, 966 (Ariz. 1995). Fraudulent concealment – defined as when "a defendant commits a positive act tending to conceal the cause of action from the plaintiff" – will toll the statute of limitations for fraud until the plaintiff actually discovers the fraud. A.R.S. § 12-543(3); *Coronado Dev. Corp. v. Sup. Court*, 678 P.2d 535, 537 (Ariz. Ct. App. 1984).

The parties agree on the length of the relevant statutes of limitations, but disagree on when the claims began to accrue and if they were tolled. Defendant argues that Plaintiffs knew of the possibility of fraud, misrepresentation, and injury before signing the sales

1 agreement on November 18, 2004, more than three years before filing suit on January 31, 2 2008, and reasonable diligence would have corroborated these suspicions. Dkt. #6 at 8. He 3 claims that not only were Plaintiffs aware of the $2,000,000 discrepancy between 4 Quickbooks and the November 18 reports, but they signed an addendum to the purchase 5 agreement stating that they had fully researched FAPP's finances and did not rely on any 6 financial statements made by Defendant. Dkt. #1-3 ¶¶ 25, 32; Dkt. #6 at 8-9.

7 The complaint alleges that Plaintiffs were not actually aware of Defendant's 8 misconduct until May of 2006, Dkt. #1-3 ¶¶ 35-36, less than two years before the 9 commencement of this suit on January 31, 2008, Dkt. #1-2. Accepting this allegation to be 10 true, as the Court must on a motion to dismiss, it is not apparent from the amended complaint 11 that Plaintiffs were aware of the misconduct beyond the required two and three years periods.

12 Nor is it apparent that Plaintiffs should have been aware of the misconduct through 13 reasonable diligence. Although the complaint states that Plaintiffs knew of the Quickbooks 14 discrepancy, it also claims that Plaintiffs had no experience in managing a company, Dkt. #1-15 3 at ¶ 11, that they did not know how to operate Quickbooks at the time, *id.* at ¶¶ 29, 34, and 16 that they believed their "friend" when he told them that the $2,000,000 was "equity" and then 17 subsequently raised the purchase price, *id.* at ¶¶ 23-28. The complaint also alleges that even 18 after the sale, Plaintiffs were not aware of Defendant's misconduct for another eighteen 19 months. *Id.* at ¶¶ 35-36. Because the complaint alleges that Defendant knowingly misled 20 Plaintiffs concerning the nature of the Quickbooks discrepancy, it also is possible that the 21 statutes of limitations were tolled. *Id.* ¶¶ 27-28, 38. In light of these allegations, it is not at 22 all obvious that Plaintiffs should have suspected Defendant's misconduct earlier than May 23 2006, and the ultimate answer to this question is a factual one that the Court cannot resolve 24 at this stage of the litigation.

25 Because the complaint attaches and quotes from the addendum, Dkt. #1-3 ¶¶ 31-32, 26 Defendant would have the Court conclude that Plaintiffs fully researched FAPP's financial 27 state and did not rely on Defendant's representations. Dkt. # 6 at 8-9. But the complaint 28 disputes the accuracy of the addendum. It alleges that Plaintiffs relied on Defendant's

- 4 -

representations, despite what the addendum said, because they did not have access to the only source of accurate financial information, Quickbooks. *Id.* ¶ 33. The complaint in effect alleges that the addendum was part of Defendant's fraudulent scheme. *Id.* Thus, Plaintiffs can potentially prove a set of facts supporting the claim that they did not fully research FAPP's finances, but instead trusted Defendant.

**B.   Justifiable Reliance.**

Defendant argues that Plaintiffs failed to plead their two claims of fraud (common law fraud and fraud in the execution) and their claim of negligent misrepresentation with the particularity required by Rule 9(b). Dkt. #6 at 10. Specifically, Defendant argues that the allegation that Plaintiffs reasonably relied on his statements is insufficient because it contradicts the addendum stating that there was no reliance. Dkt. #6 at 11. Although the complaint attaches and quotes from the addendum, the complaint also alleges that the substance of that agreement was factually incorrect because Plaintiffs actually relied, reasonably, on Defendant's representations. The complaint alleges that Plaintiffs had no experience in the stock purchase of a corporation, Dkt. #1-3 ¶ 9, that they formerly worked for Defendant and trusted him as a friend, *id.* ¶¶ 11, 20, that Defendant had sole access to FAPP's financial and Quickbooks information until after they signed the addendum, *id.* ¶¶ 24, 29, 34, and that the fraud remained hidden until Defendant contacted them concerning taxes related to the sale eighteen months later, *id.* ¶¶ 31, 35-36. Based on these facts, which the Court assumes to be true, it is possible for Plaintiffs to prove justifiable reliance in spite of the addendum stating otherwise. Whether the reliance was in fact justified is a factual question to be resolved at a later stage of the litigation.

**C.   A.R.S. § 10-640.**

Defendant further claims that Plaintiffs failed to properly plead a violation of A.R.S. § 10-640, which prohibits a board of directors from making distributions to shareholders if "[t]he corporation would not be able to pay its debts as they become due in the usual course of business." A.R.S. § 10-640(C)(1); Dkt. #6 at 12. Section 10-833(A) makes a director "personally liable to the corporation for the amount of the distribution that exceeds what

- 5 -

1 could have been distributed without violating §10-640 . . . if it is established that the director's duties were not performed in compliance with §10-830," which in turn requires a director to act in "good faith." *See* §10-830(A)(1). Defendant argues that the complaint's statement that FAPP was no longer able to pay its debts after Defendant transferred $2,000,000 to himself is conclusory because the complaint does not allege any facts explaining what debts FAPP owed and why it was unable to pay them. Dkt. #6 at 12-13. He cites the fact that Plaintiffs were able to borrow $5,000,000 from FAPP in order to purchase it from Defendant as evidence that FAPP was in fact solvent. *Id.* at 13-14. He also claims that the complaint fails to allege facts demonstrating that Defendant distributed the $2,000,000 in bad faith as required by section 10-830. *Id.* at 14.

The test here is notice pleading, and the complaint provides fair notice of the claims against Defendant. The statement that FAPP was unable to pay its debts on time, Dkt. #1-3 ¶ 63, is not a conclusory statement, but instead a general, factual allegation that the Court must accept as true and assume "embraces the specific facts necessary to support [it]." *Peloza*, 37 F.3d at 521. Furthermore, the complaint supports this general allegation by claiming that the transaction left FAPP $1,850,000 in debt, and that only through diligent efforts were Plaintiffs able to bring the company's finances in order. Dkt. #1-3 ¶ 39-40. The complaint need not specify the specific debts owed by FAPP to put Defendant on fair notice of the claims against him. Defendant's argument concerning Plaintiffs' borrowing of $5,000,000 from FAPP raises factual questions about the financial condition of FAPP that cannot be resolved in a motion to dismiss.

Furthermore, the implication that Defendant distributed the funds in bad faith is also a general allegation presumptively encompassing supporting facts that is sufficiently clear to provide fair notice to Defendant. The complaint supports the assertion by alleging that Defendant attempted to conceal his distribution of the funds from Plaintiffs. Dkt. #1-3 ¶¶ 23-28.

### D. Constructive Trust.

Finally, Defendant argues that because Plaintiffs improperly pled their claims of fraud,

- 6 -

1  the Court should dismiss their request for a constructive trust as well.  Dkt. #6 at 17.  The
2  constructive trust is based on underlying allegations of fraud, but this order concludes that
3  Plaintiffs adequately pleaded those claims.

4      **IT IS ORDERED** that Defendant's motion to dismiss (Dkt. #6) is **denied**

5  DATED this 30th day of May, 2008.

```
                           _____
                              David G. Campbell
                              United States District Judge
```