**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phoenix Payment Solutions, Inc.; Brian Bonfiglio, an individual; John Kirchhefer, an individual; FAPP Holding, Inc., F/K/A, FAPP Payment Processing, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Carl Towner, an individual, <br><br> Defendant. | No. CV-08-651-PHX-DGC <br><br> **ORDER** |

In November of 2004, Plaintiffs Phoenix Payment Solutions ("PPS"), Brian Bonfiglio, and John Kirchhefer entered into a Stock Purchase Agreement with Defendant to buy First American Payment Processing, Inc. ("FAPP"). Bonfiglio and Kirchhefer were employees of FAPP at the time. PPS is a corporation owned by Bonfiglio and Kirchhefer, formed for the purpose of purchasing and managing FAPP.

Plaintiffs commenced this action against Defendant Carl Towner on January 31, 2008 in Arizona state court, and amended their complaint on April 2, 2008. Dkt. #1-2. Plaintiffs allege various state-law claims arising out of Defendant's management and sale of FAPP. *Id.*, ¶¶ 41-82. Defendant removed the action to this Court. Dkt. #1.

Plaintiffs have now filed a motion for leave to amend the complaint to add Jennifer Towner, Defendant's wife, as a co-defendant in order to obtain access to community property. Dkt. #49. The motion has been fully briefed (Dkt. ##55, 56) and will be denied.

The Court's Case Management Order, entered July 9, 2008, established a deadline for amending pleadings and adding parties:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings.</u> The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

Dkt. #23, ¶ 2 (emphasis in original). In addition to this clear language, the Court made the following statement to the parties at the case management conference held on July 3, 2008: "There will be a 60-day deadline to amend pleadings or add parties and I would encourage you to think about whether anything needs to be changed during that period. Afterward, I'll be disinclined to allow amendments." Court's Livenote Transcript, 7/3/08. The 60-day deadline expired on September 8, 2008. Plaintiffs did not file their motion to amend until June 26, 2009, almost one year after the case management conference, more than ten months after the deadline, some five months after the close of discovery, and on the day dispositive motions were due. Dkt. ##23, 49.

Deadlines established in case management orders may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In seeking to show their diligence, Plaintiffs state that they first became suspicious that Defendant and his wife might own community property during Defendant's deposition on January 19, 2009. But this deposition was held more than six months after the Case Management Order was entered and only 11 days before the close of discovery. Plaintiffs also claim that they learned more about Defendant's assets when they subpoenaed his bank records, but the subpoenas were issued after the close of discovery.

1 | Plaintiffs could have conducted this discovery or other discovery aimed at Defendant's community property early in the discovery period – in time to seek amendment by the 60-day deadline. They could have sought an extension of the deadline if more discovery was needed. Plaintiffs knew that Defendant had resided in Arizona (although he resided in Colorado when the complaint was filed); they filed their lawsuit in Arizona; they knew that Arizona is a community property state and that community property can be reached only if the spouse is named. Plaintiffs thus had ample reason to investigate the possibility of community property in order to determine whether Defendant's wife should be added as a party, and yet they waited months to depose Defendant and seek documents by subpoena. The Court cannot conclude that Plaintiffs were diligent. Nor can the Court conclude that the amendment deadline could not reasonably have been met through the exercise of diligence. Plaintiffs have therefore failed to establish good cause. *Johnson.*, 975 F.2d at 609; *Coleman*, 232 F.3d at 1294.

Plaintiffs claim that Defendant will not be prejudiced by allowing the amendment. Prejudice, however, is not the relevant inquiry. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted).

Moreover, the Court is not convinced that allowing the amendment would be harmless. The deadline for motions for summary judgment has passed. If Defendant's wife had been named in the case, Defendant might well have sought to undertake discovery or investigation into their community property and might also have sought to address that issue in a summary judgment motion. What is more, Defendant and his wife are now seeking a divorce. Their interests likely would not be aligned. Defendant's wife might well require separate counsel. At a minimum, that counsel would need time to become familiar with the case, review the discovery, and determine whether steps must be taken to protect her interests. The Court establishes a relatively short deadline for amending pleadings precisely to avoid such last

minute disruptions of the litigation schedule. The case is now ready for legal rulings and trial. The Court will not halt that process so Plaintiffs can make an amendment that should have been sought by September of last year.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.*

**IT IS ORDERED** that Plaintiffs' motion to amend (Dkt. #49) is **denied**.

DATED this 3rd day of September, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge